# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**KAREN RIVERA**                                                                    **PLAINTIFF**

**VS.**

**JPMORGAN CHASE BANK, N.A.**                                        **DEFENDANT**

---

### FIRST AMENDED CLASS ACTION COMPLAINT

---

Comes now Plaintiff Karen Rivera ("Rivera" or "Plaintiff") by and through her attorneys and for her First Amended Class Action Complaint against JPMorgan Chase Bank, N.A. ("JP Morgan Chase" or "Defendant"), and states:

### NATURE OF THE CLASS ACTION

1.      Plaintiff brings this class action complaint on her own behalf and as representative of two classes of Arkansas residents who were subject to non-judicial foreclosure proceedings initiated by JPMorgan Chase within the State of Arkansas in the past five years.[1]

2.      The first class of Arkansans allege violations of the Arkansas Deceptive Trade Practices Act ("ADTPA") by Defendant when acting in its capacity as a national bank by forcing Plaintiffs and class members to pay unfair and unconscionable fees related to non-judicial foreclosure proceedings conducted in Arkansas.  ("the JP Morgan Chase – National Bank Class") Additionally, the JP Morgan Chase - National Bank Class suffered damages in relation to

---

[1] Plaintiff recognizes the Court ruled that a national bank chartered by the Office of Comptroller of Currency is authorized to do business in Arkansas and to avail itself of the Arkansas Statutory Foreclosure Act of 1987 ("SFA"). *See* Document 37.  Because the Court gave Plaintiff leave to file an amended complaint, Plaintiff re-alleges her claims based on Defendant's failure to strictly comply with the SFA in order to preserve her arguments made in response to Defendant's motion to dismiss and at oral argument for appeal.  *See* Documents 16-18, 23, and 38.

Defendant's misuse and violations of the SFA by failing to strictly follow its provisions and choosing not to register to do business in Arkansas in violation of the ADTPA.

3.      The second class of Arkansans allege violations of the ADTPA by Defendant when acting in its capacity as a trustee for residential mortgage-backed securitization trusts by forcing Plaintiffs and class members to pay unfair and unconscionable fees related to non-judicial foreclosure proceedings conducted in Arkansas.  ("the JP Morgan Chase – Trustee Class") Additionally, the JP Morgan Chase – Trustee Class suffered damages in relation to Defendant's misuse and violations of the SFA by failing to strictly follow its provisions and choosing not to register to do business in Arkansas in violation of the ADTPA.

4.      By foreclosing on homes when not being authorized to do business in Arkansas, JP Morgan Chase has engaged in unconscionable and unfair business practices in violation of the ADTPA.

5.      Indeed, JP Morgan Chase has initiated non-judicial foreclosure proceedings under the SFA against hundreds, if not thousands, of Arkansas residents throughout the state during the past five years, without meeting the strict statutory requirement that it be authorized to do business in the State of Arkansas.

6.      On April 14, 2003, the Arkansas legislature found that foreign entities not authorized to do business in the State of Arkansas were availing themselves to the provisions of the SFA, and often times to the detriment of Arkansas citizens.  As such, our legislature passed a bill, which became Arkansas law, requiring all foreign entities to be authorized to do business in the State of Arkansas before being able to use the SFA.

7.      JP Morgan Chase, however, is not and has never been authorized to do business in the State of Arkansas as required by the SFA.  In fact, it does not have a registered agent in the

State of Arkansas and has not filed the proper paperwork with the Arkansas Secretary of State's Office to lawfully do business in Arkansas.   As such, JP Morgan Chase has not strictly complied with the provisions of the SFA as required by Arkansas law, and thus, has violated the ADTPA due to its unfair and unconscionable business practices.

8.      JP Morgan Chase also acts as a trustee of residential mortgage-backed securitization trusts.  JP Morgan Chase, in its capacity as a trustee, is not authorized to do business in Arkansas.  Therefore, when JP Morgan Chase initiates non-judicial foreclosures in Arkansas in its capacity as a trustee for residential mortgage-backed securitization trust, it has not strictly complied with the SFA's authorized-to-do-business requirement.

## PARTIES

9.      Plaintiff Rivera is a resident of Jonesboro, Craighead County, Arkansas..

10.      JPMorgan Chase Bank, N.A., in its capacity as national bank and as a trustee, conducts non-judicial foreclosures within this District and the State of Arkansas, and has its principle business offices are in New York, New York.

## JURISDICTION and VENUE

11.      This Court has subject matter jurisdiction over this action.

12.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). These are class action claims involving more than 100 class members.  A member of each class is a citizen of a state different from Defendant, and the amounts of controversy, in the aggregate, exceed the sum of $5,000,000.00 exclusive of interest and costs.

13.      This Court has personal jurisdiction over Defendant, because Defendant engages in business within this District and the State of Arkansas, and derives a substantial part of its revenue from within this District.

14.     Venue is proper in this Court because this District is where a substantial part of the events or omissions giving rise to the claim arose.  Plaintiff is also a resident of this District.

## FACTUAL ALLEGATIONS

### I.     The Foreclosure Crisis

15.     Over the last three years, the United States has been in a foreclosure crisis.  A congressional oversight panel has recently noted that one in eight mortgages in the United States is currently in foreclosure or default.[2]

16.     In testimony before the United States Senate Subcommittee on Administrative Oversight and the Courts of the Committee on the Judiciary on July 23, 2009, Alys Cohen of the National Consumer Law Center testified as follows:

> Goldman Sachs estimates that, starting at the end of the last quarter of 2008 through 2014, 13 million foreclosures will be started. The Center for Responsible Lending, based on industry data, predicts 2.4 million foreclosures in 2009, and a total of 9 million foreclosures between 2009 and 2012. At the end of the first quarter of 2009, more than 2 million homes were in foreclosure. Over twelve percent of all mortgages had payments past due or were in foreclosure and over seven percent were seriously delinquent -either in foreclosure or more than three months delinquent. Realtytrac recently reported an additional 300,000 homes go into foreclosure every month. These spiraling foreclosures weaken the entire economy and devastate the communities in which they are concentrated. Neighbors lose equity; crime increases; tax revenue shrinks.[3]

### II.     The Arkansas Statutory Foreclosure Act, Ark. Code Ann. § 18-50-101, *et seq.*

17.     The SFA is codified at Ark. Code Ann. § 18-50-101 *et. seq.*  It was enacted by the Arkansas General Assembly in order to "provide an *efficient* and *fair* procedure for the

---

[2] Congressional Oversight Panel, Oct. 9, 2009 report at p. 3; available at
http://cybercemetery.unt.edu/archive/cop/20110402043235/http://cop.senate.gov/documents/cop-100909-report.pdf

[3] Written Testimony of Alys Cohen, Before the U.S. House of Representatives Subcommittee on Housing and Community Opportunity of the House Committee on Financial Services, pp. 6-7; available at
http://www.nclc.org/images/pdf/foreclosure_mortgage/mortgage_servicing/testimony-housing-subcommittee0909.pdf

liquidation of defaulted mortgage loans to the benefit of both the homeowner and the mortgage lender." (Emphasis added) (Acts 1987 No. 53, § 19: Feb. 18, 1987; Emergency Clause).

18.     The SFA contains requirements that must be strictly met in order for a mortgagee to avail itself of the remedies provided in Ark. Code Ann. § 18-50-101 *et. seq.*

19.     Ark. Code. Ann. § 18-50-116 and 117 require that any entity employing the SFA to foreclose on property in Arkansas must be a "mortgagee or beneficiary [who] is a mortgage company as defined in § 18-50-101 or is a bank or savings and loan" and that it be "authorized to do business in this state."

20.     Pursuant to Ark. Code Ann. § 18-50-101(1) and (6), a beneficiary is "a person named or otherwise designated in a deed of trust as the person for whose benefit a deed of trust is given or his successor in interest," and a mortgage is "the person holding an interest in real property as security for the performance of an obligation or his or her attorney-in-fact appointed pursuant to this chapter."

21.     Pursuant to Ark. Code Ann. § 18-50-117 and the Emergency Clause of Acts 2003, No. 1303, § 3: Apr. 14, 2003, the General Assembly found that, "foreign entities not authorized to do business in the State of Arkansas are availing themselves to provisions of the Statutory Foreclosure Act of 1987 that often times it is to the detriment of Arkansas citizens; and that this act is immediately necessary because these entities should be authorized to do business in the State of Arkansas before being able to use the Statutory Foreclosure Act of 1987."

22.     The SFA, under Ark. Code Ann. § 18-50-116(d)(2)(A)(B)(ii), provides that nothing in this chapter shall be construed to impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.

23.     If the mortgagor fails to raise his or her legal or equitable rights in a court of competent jurisdiction before the sale of the property, then the mortgagor will waive such right or defense to the sale.  However, the General Assembly added specific protections provided to the mortgagor to protect his property interests should the mortgagee or trustee fail to properly execute a foreclosure sale pursuant to Ark. Code Ann. § 18-50-101, *et seq*.

24.     Ark. Code Ann. § 18-50-116 provides for the waiver of any defenses that the mortgagor could have raised prior to the foreclosure sale, save for the assertion of the following claims:

> (i) Fraud; or (ii) Failure to **strictly comply** with the provisions of this chapter, including without limitation subsection (c) of this section.

Ark. Code Ann. § 18-50-116(d)(2)(b)(I) (emphasis added).

25.     Since the SFA abrogates the common law and allows for the taking of property without judicial oversight, the Arkansas Supreme Court, when considering the SFA, held that, "[a]ny statute which is in derogation of or at variance with the common law must be strictly construed."  *Henson v Fleet Mortg. Co.,* 319 Ark. 491, 497 (Ark. 1995).

26.     Ark. Code Ann. § 18-50-105(2), (3) requires a mortgagee or trustee to employ third-party vendors to perform such services as posting foreclosure notices at county courthouses and on the internet.

27.     Ark. Code. Ann. § 18-50-102 precludes a person from serving as a trustee of a deed of trust under the SFA except for: licensed Arkansas attorneys (a)(1); banks or savings and loans authorized to do business under the laws of Arkansas or the United States (b)(2); their affiliates or out-of-state banks authorized to do business under the laws of Arkansas or the United States (a)(3); or an agency or authority of the state (a)(4).

28.     Ark. Code. Ann. § 18-50-116 specifically states that only banks, mortgage companies, and savings and loans can avail themselves of the procedures afforded by the SFA while Ark. Code. Ann. § 18-50-117 requires that the entity be authorized to do business in this state.  Ark. Code Ann. § 18-50-117 also applies to banks serving as trustees under Ark. Code Ann. § 18-50-112.

29.     As a result of Act 1303 of 2003, the SFA mandates that "no person, firm, company, association, fiduciary or partnership, either domestic or foreign," shall be entitled to enjoy the right to Arkansas' non-judicial foreclosure procedures unless they are authorized to do business in Arkansas.

30.     At no time during the Class Period, as defined below, was Defendant authorized to conduct non-judicial foreclosures in Arkansas in either its capacity as a national bank or as a trustee in under the provisions of SFA as alleged above.

31.     Defendant, acting in its capacity as a national bank and trustee availed itself to the SFA and non-judicially foreclosed on Plaintiff's home within the State of Arkansas at a time it was not authorized to do business in the State of Arkansas.

32.     Defendant, when acting in both its capacity as a national bank and as a trustee, has availed itself to the SFA and non-judicially foreclosed on the Class Members' real estate within the State of Arkansas at times it was not authorized to do business in the State of Arkansas.

33.     Defendant's non-judicial foreclosure proceedings on Plaintiff's and the Class Members' real property were unlawful, because they were done so in violation of the SFA as Defendant was not authorized to do business within the State of Arkansas.

34.     Defendant's failure to strictly comply with the requirements of the SFA in availing itself to the SFA and non-judicially foreclosing on Plaintiff's and the Class Members' real property were unfair and unconscionable business practices in violation of the ADTPA.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

36.     This action involves the prosecution of two separate and distinct class claims.

**I.      JP Morgan Chase – National Bank Class Allegations**

37.     The Class is defined as follows:

All residents of the State of Arkansas who were subject to non-judicial foreclosure proceedings initiated by JP Morgan Chase in its capacity as a national bank within the State of Arkansas in the past five years immediately preceding the filing of the original class action complaint up to and through the date of judgment in this case, and in which JP Morgan Chase charged and collected any of the following fees: courthouse posting fees, internet posting fees, fees associated with title work, and attorneys' fees.   Excluded from the JP Morgan Chase – National Bank Class are JP Morgan Chase, its officers and directors, agents, and employees.

38.     The Class Period shall include the five years preceding the filing of Plaintiff's original Class Action Complaint up to and through entry of judgment in this action.

*Typicality/Ascertainability*

39.     Plaintiff's claims are typical of the transactions between the Defendant and all other Arkansans who have been subject to non-judicial foreclosure actions by Defendant when it did not have standing to bring such proceedings as described herein.

*Commonality*

40.     Plaintiff's claims raise issues of fact or law, which are common to the members of the putative class.   These common questions include, but are not limited to the following:

a. Whether Defendant is authorized to do business in the State of Arkansas;

b. If not, whether Defendant may avail itself to the foreclosure proceedings under the SFA within the State of Arkansas;

c. If not, whether Defendant's actions in failing to strictly comply with the provisions of the SFA by not being authorized to do business within the State of Arkansas are unfair and unconscionable business practices in violation of the ADTPA;

d. Whether Defendant charged and collected fees in relation to non-judicial foreclosures in the State of Arkansas pursuant to the SFA; and

e. Whether such fees and their collection violated the provisions of the ADTPA.

41.     These issues are common among all putative class members and predominate over any issues affecting individual members of the putative class.

### Numerosity

42.     Defendant has conducted thousands of unlawful non-judicial foreclosures in Arkansas.

43.     The members of the class are so numerous and scattered throughout the State of Arkansas that joinder of all members is impracticable.

### Superiority

44.     A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

45.     In the absence of class-action relief, the putative class members would be forced to prosecute thousands of similar claims in different jurisdictions and venues throughout the

State of Arkansas, which would waste the judicial resources within the State, and with the risk of inconsistent outcomes.

46.     The prosecution of these claims as a class action will promote judicial economy.

47.     The claims raised herein are well suited for class-action relief.

48.     A class action would benefit both the Class and Defendant through a single resolution of similar or identical questions of law or fact.

*Adequacy*

49.     Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.

50.     Plaintiff will fairly and adequately protect the interests of the class sought to be certified in this case.

51.     Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the class.

52.     This case fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be certified as a class action.

## COUNT I

### AS TO THE JP MORGAN CHASE – NATIONAL BANK CLASS

### VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

53.     Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

54.     The ADTPA, Ark. Code Ann. § 4-88-101, *et seq.*, is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices.  The ADTPA is a remedial statute, which is to be liberally construed.

55.     The practices employed by Defendant in initiating non-judicial foreclosure proceedings without being authorized to conduct business in Arkansas are unfair and unconscionable under the ADTPA, and thus, violate the provisions of the ADTPA.

56.     Defendant is engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. § 4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. § 4-88-102(5).

57.     Further, within the meaning of Ark. Code Ann. § 4-88-113(d) Defendant "directly or indirectly" controlled others who might be liable for violations of the ADTPA and "knew or should have known" of the violations of the ADTPA.

58.      Defendant's violations of the ADTPA resulted in Plaintiff and the Class having their homes wrongfully foreclosed entitling them to actual damages pursuant to Ark. Code Ann. § 4-88-113(f).  These damages include, but are not limited to, fees collected by JP Morgan Chase in relation to non-judicial foreclosures in the State of Arkansas pursuant to the SFA, Defendant is also liable for attorneys' fees, and enhanced penalties under the ADTPA.

## COUNT II

### AS TO THE JP MORGAN CHASE – NATIONAL BANK CLASS

### UNJUST ENRICHMENT

59.     Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

60.     Defendant received from the Plaintiff and Class members certain monies, fees and property as a result of Defendant's conduct listed above which are unreasonable and excessive, and the result of overreaching.

61.     As a result, Plaintiff and the Class have conferred a benefit on Defendant, and Defendant had knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on it.

62.     Defendant will be unjustly enriched if they are allowed to retain such funds, monies, fees, and property, and Plaintiff and each Class Member are entitled to such equitable relief as may be determined by the Court, in an amount equal to the amount Plaintiff and each Class Member enriched Defendant and for which Defendant has been unjustly enriched.

63.     Further, Plaintiff and the Class Members are entitled to equitable relief voiding all of Defendant's non-judicial foreclosures for them and the Class where Defendant failed to strictly comply with the provisions of the SFA.

**COUNT III**

**AS TO THE JP MORGAN CHASE – NATIONAL BANK CLASS**

**<u>SLANDER OF TITLE</u>**

64.     Plaintiff and the Class Members hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

65.     By engaging in unauthorized actions under the SFA, Defendant has caused instruments to be filed of record in the offices of County Recorders of Arkansas, which adversely affect Plaintiff and Class Members' title and interest in their real property.

66.     Defendant has used instruments, filed of record, to exact money, fees, and property from Class Members.

67.     Defendant's actions violate Arkansas Code Annotated § 5-37-226.

68.     Plaintiff and each member of the Class is entitled to judgment for actual damages, treble damages, punitive damages and judgment for attorneys' fees and costs.

## II.   JP Morgan Chase – Trustee Class Allegations

69.   Plaintiff hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

70.   The Class is defined as follows:

All residents of the State of Arkansas who were subject to non-judicial foreclosure proceedings initiated by JP Morgan Chase in its capacity as a trustee for residential mortgage-backed securitization trusts within the State of Arkansas in the past five years immediately preceding the filing of the original class action complaint up to and through the date of judgment in this case, and in which JP Morgan Chase charged and collected any of the following fees: courthouse posting fees, internet posting fees, fees associated with title work, and attorneys' fees.   Excluded from the JP Morgan Chase – Trustee Class are JP Morgan Chase, its officers and directors, agents, and employees.

71.   The Class Period shall include the five years preceding the filing of Plaintiff's original Class Action Complaint  up to and through entry of judgment in this action.

### *Typicality/Ascertainability*

72.   Plaintiff's claims are typical of the transactions between the Defendant and all other Arkansans who have been subject to non-judicial foreclosure actions by Defendant when it did not have standing to bring such proceedings as described herein.

### *Commonality*

73.   Plaintiff's claims raise issues of fact or law, which are common to the members of the putative class.  These common questions include, but are not limited to the following:

   a.   Whether Defendant is authorized to do business in the State of Arkansas;

   b.   If not, whether Defendant may avail itself to the foreclosure proceedings under the SFA within the State of Arkansas;

   c.   If not, whether Defendant's actions in failing to strictly comply with the provisions of the SFA by not being authorized to do business within the

State of Arkansas are unfair and unconscionable business practices in violation of the ADTPA;

d.  Whether Defendant charged and collected fees in relation to non-judicial foreclosures in the State of Arkansas pursuant to the SFA; and

e.  Whether such fees and their collection violated the provisions of the ADTPA.

74.  These issues are common among all putative class members and predominate over any issues affecting individual members of the putative class.

*Numerosity*

75.  Defendant has conducted thousands of unlawful non-judicial foreclosures in Arkansas.

76.  The members of the class are so numerous and scattered throughout the State of Arkansas that joinder of all members is impracticable.

*Superiority*

77.  A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

78.  In the absence of class-action relief, the putative class members would be forced to prosecute thousands of similar claims in different jurisdictions and venues throughout the State of Arkansas, which would waste the judicial resources within the State, and with the risk of inconsistent outcomes.

79.  The prosecution of these claims as a class action will promote judicial economy.

80.  The claims raised herein are well suited for class-action relief.

81.     A class action would benefit both the Class and Defendant through a single resolution of similar or identical questions of law or fact.

### Adequacy

82.     Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.

83.     Plaintiff will fairly and adequately protect the interests of the class sought to be certified in this case.

84.     Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the class.

85.     This case fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be certified as a class action.

## COUNT IV

## AS TO THE JP MORGAN CHASE – TRUSTEE CLASS

## VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

86.     Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

87.     The ADTPA, Ark. Code Ann. § 4-88-101, *et seq.*, is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices.  The ADTPA is a remedial statute, which is to be liberally construed.

88.     The practices employed by Defendant in initiating non-judicial foreclosure proceedings without being authorized to conduct business in Arkansas are unfair and unconscionable under the ADTPA, and thus, violate the provisions of the ADTPA.

89. Defendant is engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. § 4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. § 4-88-102(5).

90. Further, within the meaning of Ark. Code Ann. § 4-88-113(d) Defendant "directly or indirectly" controlled others who might be liable for violations of the ADTPA and "knew or should have known" of the violations of the ADTPA.

91. Defendant's violations of the ADTPA resulted in Plaintiff and the Class having their homes wrongfully foreclosed entitling them to actual damages pursuant to Ark. Code Ann. § 4-88-113(f). These damages include, but are not limited to, fees collected by JP Morgan Chase in relation to non-judicial foreclosures in the State of Arkansas pursuant to the SFA, Defendant is also liable for attorneys' fees, and enhanced penalties under the ADTPA.

## COUNT V

## AS TO THE JP MORGAN CHASE – TRUSTEE CLASS

## UNJUST ENRICHMENT

92. Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

93. Defendant received from the Plaintiff and Class members certain monies, fees and property as a result of Defendant's conduct listed above which are unreasonable and excessive, and the result of overreaching.

94. As a result, Plaintiff and the Class have conferred a benefit on Defendant, and Defendant had knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on it.

95.     Defendant will be unjustly enriched if they are allowed to retain such funds, monies, fees, and property, and Plaintiff and each Class Member are entitled to such equitable relief as may be determined by the Court, in an amount equal to the amount Plaintiff and each Class Member enriched Defendant and for which Defendant has been unjustly enriched.

96.     Further, Plaintiff and the Class Members are entitled to equitable relief voiding all of Defendant's non-judicial foreclosures for them and the Class where Defendant failed to strictly comply with the provisions of the SFA.

## COUNT VI

## AS TO THE JP MORGAN CHASE – TRUSTEE CLASS

## SLANDER OF TITLE

97.     Plaintiff and the Class Members hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

98.     By engaging in unauthorized actions under the SFA, Defendant has caused instruments to be filed of record in the offices of County Recorders of Arkansas, which adversely affect Plaintiff and Class Members' title and interest in their real property.

99.     Defendant has used instruments, filed of record, to exact money, fees, and property from Class Members.

100.    Defendant's actions violate Arkansas Code Annotated § 5-37-226.

101.    Plaintiff and each member of the Class is entitled to judgment for actual damages, treble damages, punitive damages and judgment for attorneys' fees and costs.

## JURY DEMAND

Plaintiff reserves the right to amend this pleading as allowed by the Federal Rules of Civil Procedure and hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray for the following relief:

a.       An order certifying the claims asserted herein as a class action;

b.       Awarding Plaintiff and the Class judgment on each of the claims asserted herein;

c.       Awarding Plaintiff and the Class their damages, treble damages, and punitive damages;

d.       Awarding Plaintiff and the Class their attorneys' fee and costs of this litigation;

e.       Awarding equitable relief on behalf of Plaintiff and the Class by invalidating all of Defendant's statutory foreclosures within the State of Arkansas during the Class Period related to them;

f.       Disgorging all sums unjustly received by and to which Defendant has been unjustly enriched and provide such sums to Plaintiff and the Class; and,

g.       Awarding Plaintiff and the Class all other damages, awards, and injunctive relief the Court finds to be proper and just.

Dated: _____          Respectfully Submitted,


_____

Scott E. Poynter
Chris D. Jennings
Will T. Crowder
Corey D. McGaha
EMERSON POYNTER LLP
500 President Clinton Ave., Ste 305
Little Rock, AR 72201

John G. Emerson (08012)
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058

Phone:  (281) 488-8854
Fax:  (281) 488-8867

Joel Hargis
CRAWLEY DELOACHE & HARGIS
533 West Washington
Jonesboro, AR 72401

Kathy A. Cruz
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901

Todd Turner
Dan Turner
ARNOLD, BATSON, TURNER &
TURNER, P.A.
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on June _____, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Russell C. Atchley
russell.atchley@kutakrock.com

David L. Williams
david.williams@kutakrock.com

Suzanne G. Clark
suzanne.clark@kutakrock.com

Daniel S. Connolly
daniel.connolly@bgllp.com

Rachel Bess Goldman
rachel.goldman@bgllp.com

Samuel M. Stricklin
sam.stricklin@bgllp.com

_____