# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KAREN RIVERA                                                                                           PLAINTIFF

v.                                         No. 3:11CV00198 JLH

JPMORGAN CHASE BANK, N.A.                                                                  DEFENDANT

## ORDER

Karen Rivera brought this action against JPMorgan Chase Bank, N.A., alleging that JPMorgan Chase Bank initiated a nonjudicial foreclosure proceeding pursuant to which it foreclosed on property she owned even though JPMorgan Chase Bank was not qualified to do business in Arkansas and therefore was not authorized to initiate nonjudicial foreclosure under the Arkansas Statutory Foreclosure Act. Rivera's initial complaint alleged violations of the Arkansas Deceptive Trade Practices Act, unjust enrichment, and slander of title, all based on the allegation that JPMorgan Chase Bank was not authorized to do business in Arkansas and therefore could not take advantage of the Statutory Foreclosure Act. JPMorgan Chase Bank filed a motion to dismiss pursuant to Rule 12(b)(6). The Court ruled as a matter of law, that JPMorgan Chase bank is authorized to do business in Arkansas by virtue of the fact that is chartered by the Office of the Comptroller of the Currency pursuant to the National Bank Act and therefore is a national banking association authorized to do business in Arkansas within the meaning of the relevant statute; namely, Ark. Code Ann. § 18-50-117. The Court therefore dismissed Rivera's complaint without prejudice, giving Rivera an opportunity to amend her complaint.

Rivera has now filed a motion for leave to file an amended complaint. The proposed amended complaint differs from the original complaint in two material respects. The proposed amended complaint alleges that JPMorgan Chase Bank has collected foreclosure fees that "are

unreasonable and excessive, and the result of over-reaching." Document #39-1, ¶ 60. In addition, the proposed amended complaint alleges that JPMorgan Chase Bank has engaged in foreclosures in its capacity as a trustee of residential mortgage-backed securitization trusts but is not in its capacity as a trustee authorized to do business in Arkansas. Document #39-1, ¶ 8.

JPMorgan Chase Bank opposes the motion for leave to amend on the ground that it would be futile to permit the amendment because the proposed amended complaint adds nothing material to the previous complaint, which the Court dismissed.

A court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). A court can refuse to give leave to amend after repeated failure to cure deficiencies by amendments previously allowed or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). A court can deny leave to amend as futile where the amended pleading would not survive a motion to dismiss. *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 921 (8th Cir. 2008). This Court explained the pleading standards provided by the Federal Rules of Civil Procedure in its previous order, Document #37 at 5-6, and those standards need not be repeated here.

The proposed amended complaint does not meet the pleading standards of the Federal Rules of Civil Procedure. First, the proposed amended complaint reiterates the allegation that JPMorgan Chase Bank was not entitled to initiate nonjudicial foreclosure proceedings and therefore the fees it collected in those proceedings were collected unlawfully. Because the Court has already rejected the argument that JPMorgan Chase Bank could not lawfully initiate nonjudicial foreclosure proceedings in Arkansas, this allegation in the proposed amended complaint fails to state a claim upon which relief can be granted. The other basis for recovering fees in the proposed amended complaint—that they are unreasonable and excessive, is nothing more than the statement of a

conclusion. That allegation does not meet the *Twombly* standard and does not suffice to state the grounds of Rivera's entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

Nor does Rivera's allegation that JPMorgan Chase Bank as a trustee of residential mortgage-backed securitization trusts save the proposed amended complaint. Rivera distinguishes between JPMorgan Chase Bank's activities in its capacity as a national bank and its activities in its capacity as a trustee but does not point to any provision of the National Bank Act or the Statutory Foreclosure Act pursuant to which that distinction alters the outcome here. Nothing in the Statutory Foreclosure Act provides that an entity authorized to do business in Arkansas must obtain a separate authorization to do business when acting as a trustee. As previously held, JPMorgan Chase Bank is authorized to do business in this state and therefore is authorized to engage in nonjudicial foreclosure under the Statutory Foreclosure Act even when acting in its capacity as a trustee.

Because the proposed amended complaint fails to state a claim upon which relief can be granted, it would be futile to grant the motion for leave to amend. The motion is therefore DENIED. Document #39. This action is hereby dismissed with prejudice.

IT IS SO ORDERED this 31st day of July, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE